IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LIONEL SANCHEZ, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-718 |
| | § | |
| RALPH E. RAWLINGS, JR., | § | |
| Individually and d/b/a COLORADO | § | |
| RIVER SEAFOOD, | § | |
| | § | |
|    Defendant. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER

This case arises out of personal injuries sustained as a result of an allegedly improperly treated infection. Plaintiff Lionel Sanchez was allegedly injured while working aboard the F/V RITA LEE in the Gulf of Mexico. Now before the Court comes Defendant Ralph E. Rawlings Jr., individually and d/b/a/ Colorado River Seafood, requesting a transfer to the Corpus Christi Division of the Southern District of Texas. For the reasons stated below, Defendant's Motion is **DENIED**.[1]

### I. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S. D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S. D. Tex. 1993); *Continental Airlines, Inc. v. Am. Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**II. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825).

Defendant lists Plaintiff and four additional crew members who observed Plaintiff's infection as potential key witnesses. These witnesses, along with Plaintiff's

wife and current treating physicians, all live in Aransas Pass, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.  These witnesses will likely find Corpus Christi more convenient than Galveston.[2]  However, Defendant's principal place of business is within this division, and Plaintiff's initial treating physicians reside here as well.  Since there are witnesses and Parties located in both Divisions, the Court finds that this factor does not weigh for or against transfer.

*B.  Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case.  Defendant has not indicated that the records in this case are so voluminous that they would incur substantial cost in transporting them to this Court rather than the federal courthouse in Corpus Christi.  *See LeBouef*, 20 F. Supp. 2d at 1060.  In fact, since Defendant's principal place of business is in this Division, it is likely that many of the relevant records are already here.  This factor does not support transfer.

*C.  Cost of Obtaining Witnesses and Other Trial Expenses*

Defendant argues that trial expenses, which will be high in any venue, will be lower if this case is transferred to Corpus Christi since many of the witnesses reside there.  However, since Defendant resides here, his expenses should not be materially increased.  In any event, the reduction in costs that might be occasioned by transfer to a relatively close Court is not so significant as to outweigh Plaintiff's choice of forum.

*D.  Place of the Alleged Wrong*

Plaintiff alleges that his injury occurred on or about July 10, 2006.  Defendant argues that the F/V RITA LEE was at or offshore of Aransas Pass, Texas on that date.

---

[2] Even so, the Court assumes that Galveston is not inconvenient for Plaintiff since he chose to file his case here.

Plaintiff does not dispute this. However, even if Plaintiff was first injured near Aransas Pass, the citizens of this Division have a strong interest in this case since Defendant is a resident in this Division. Therefore, this factor does not weigh for or against transfer.

*E. Possibility of Delay*

This case is not set for trial until October of this year. A transfer would inevitably lead to some delay, but the delay is not so substantial as to demand retention. This factor does not weigh for or against transfer.

*F. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to great deference. However, that choice of forum is entitled to less deference when the plaintiff does not live in the forum. *See, e.g., Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that a Mississippi plaintiff's choice of the Southern District of Texas was entitled to little or no deference where the case had no connection to the forum). Plaintiff is a resident of Aransas Pass, Texas. His choice of forum is entitled to less deference than if he were a resident of this Division. However, since the case has some connection to this Division and the other factors do not overwhelmingly support transfer, his choice should not be upset.

**III. Conclusion**

This case has connections to both this Division and the Corpus Christi Division. Therefore, Plaintiff's choice of forum will be respected. Defendant's Motion to Transfer is **DENIED**. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 2nd day of April, 2007, at Galveston, Texas.

Samuel B. Kent
United States District Judge